# cerasia law llc
### employment lawyers

Edward Cerasia II
646.525.4231
ed@cdemploymentlaw.com

April 17, 2024

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>Larimer v. Lehman College - CUNY, et al.</u>, 23-CV-10447 (LGS-KHP)

Dear Judge Schofield:

Plaintiff Amy Larimer ("Larimer") and defendant the City University of New York ("CUNY" or the "College") (together, the "Parties") respectfully submit this Joint Letter pursuant to Your Honor's Initial Pretrial Conference Order. The initial pretrial telephonic conference is scheduled for April 24, 2024, at 4:00 p.m.

**Nature of the Case**

<u>Plaintiff's Position</u>

On March 28, 2024, Larimer filed an Amended Complaint, asserting claims of gender-based pay discrimination under the Equal Pay Act ("EPA"), Title IX of the Civil Rights Act of 1964 ("Title IX") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Larimer has been employed by Lehman College-CUNY since 2007, and she has been the Director of the Dance Program since 2008. She served as both the Director of the Dance Program and the Theatre Program at the College between 2014 and 2016. Despite Larimer's invaluable contributions to the Dance Program, the College has paid her less than comparable male faculty. In June 2022, Dr. James Mahon ("Mahon"), Dean of the School of Arts and Humanities at the College, wrote a letter to the College's Provost and members of the HEO Labor Management Committee at the College about the gender discrimination against Larimer, stating "I am writing this letter to request a two-step increase. . . for Prof. Amy Larimer . . . due to her being underpaid, as a woman, for many years that she was the Director of the Dance program (2007-present) and Interim Director of the Theater program (2014-2016)."

For example, when the College hired David Sullivan ("Sullivan") as Director of the Theatre Program in 2011, his salary was five "steps" above Larimer's salary, resulting in Sullivan receiving $14,285 more in annual salary than Plaintiff. Larimer performed equal or similar work as Sullivan, and more work than him while she was directing both the Dance and Theatre Program. The difference between their salaries over three years was $42,855. In 2016, when the College hired

One Liberty Plaza | 165 Broadway, 23rd Floor | New York, New York 10006 | 646.525.4235
101 Eisenhower Parkway, Suite 300 | Roseland, New Jersey 07068 | 973.786.1368

www.cdemploymentlaw.com

Rick DesRochers ("DesRochers") as the Director of the Theatre Program, he was paid a salary that was three steps above Larimer's salary, resulting in DesRochers receiving $8,457 more than Larimer in annual salary. DesRochers has been paid a higher salary than Larimer since 2016, earning $50,745 more than her since that time. Until DesRochers was hired by the College, he had not directed a program. Larimer, however, had been directing the Dance Program for nine years and the Theatre/Dance Program for two years before DesRochers was hired. As a result of Larimer's experience managing a program, she was heavily involved with mentoring DesRochers for the first two years of his employment at the College.

As for Larimer's damages, based upon information available to her, she believes that the combined differences between her salary and the salaries of these men hired at higher salaries than her is over $93,000 at the present time. This difference in salary between Larimer and her male colleagues, however, does not include the two years when there was no male Director of the Theatre Program and she was doing the entirety of the work of the Director of the Theatre Program and the Director of the Dance Program, but was receiving only half the reassigned time that DesRochers received for being the Director of the Theatre Program only. In addition to lost wages, Larimer will seek compensatory and punitive damages at trial, as well as her attorneys' fees and costs incurred in this case.

<u>Defendant's Position</u>

Plaintiff brings claims against CUNY under the EPA, Title VII, and Title IX. Plaintiff alleges that certain male employees received higher salaries for performing the same, or lesser, roles at CUNY's Lehman College. However, these purported comparators include those who had different roles or experiences, and/or those who were undertaking their roles under different circumstances. Accordingly, Plaintiff will be unable to prevail on her claim under any of the cited statutes.

In order to establish a *prima facie* case under the EPA, a plaintiff must show that her employer paid her male comparators a different wage for equal work under similar working conditions. *See Aldrich v. Randolph Cent. School Dist.*, 963 F.2d 520, 524 (2d Cir. 1992). In the event that the plaintiff satisfies this burden, the EPA "permits an employer to justify a wage disparity between employees if due to a differential based on '(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) ... any other factor other than sex.'" *Christiana v. Met Life Ins.*, 839 F. Supp. 248, 249 (S.D.N.Y. 1993) (quoting 28 U.S.C. § 206(d)(1)). Thus, "[g]ender-neutral business-related factors that are purely job related will justify a wage disparity between employees of different sexes." *Id.* at 250; *see also Husser v. New York City Dept. of Educ.*, 137 F. Supp.3d 253, 269 (E.D.N.Y. Sept. 30, 2015) ("Once a plaintiff makes a *prima facie* showing of an EPA violation, the defendants must establish that the pay difference at issue is the result of a gender neutral system adopted for a genuine business reason."). Finally, "[i]f the employer satisfies its burden of justifying the wage differential with a legitimate business reason, the plaintiff can rebut the employer's explanation by showing that the business reason is merely a pretext for discrimination." *Christiana*, 839 F. Supp. at 252.

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
April 17, 2024
Page 3

Discrimination claims under Title VII and Title IX are subject to the *McDonnell Douglas* burden-shifting framework. *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014); *Doe v. Columbia Univ.*, 831 F.3d 46, 55-56 (2d Cir. 2016) ("Title VII cases provide the proper framework for analyzing Title IX discrimination claims."). Plaintiff bears the burden of establishing a *prima facie* case of discrimination by showing that (1) she belonged to a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Tolbert*, 790 F.3d at 435. Once a plaintiff "makes a prima facie case of . . . discrimination . . . , the burden shifts to the employer to give a legitimate, nondiscriminatory reason for its actions." *Kirkland*, 760 F.3d at 225. If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for gender discrimination.

CUNY disputes that Plaintiff will be able to establish a *prima facie* case under the EPA, Title VII, or Title IX. However, even if Plaintiff does establish her *prima facie* case, CUNY will be able to demonstrate that any pay disparity was the result of gender neutral business-related factors. *See Englemann v. National Broadcasting Co., Inc.*, No. 94 Civ. 5616 (MBM), 1996 WL 76107, at *10 (S.D.N.Y. Feb. 22, 1996) ("The EPA recognizes that an employer may pay different salaries to its employees for a variety of different legitimate reasons, including seniority") (internal citations omitted); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("A claim of unequal pay for equal work under Title VII…is generally analyzed under the same standards used in an EPA claim."). This showing is sufficient to satisfy CUNY's burden under the EPA, as well as Title under VII and Title IX and Plaintiff cannot demonstrate that CUNY's gender neutral, legitimate business reasons are a pretext for discrimination. Accordingly, CUNY will prevail on all claims in this case.

**Jurisdiction and Venue**

Larimer asserts that this Court has subject matter jurisdiction over Larimer's EPA, Title IX and Title VII claims pursuant to 28 U.S.C § § 1331 and 1343, and that venue is proper in this District under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this action, including the unlawful employment practices alleged, occurred in this District.

**Discovery**

To date, the Parties have not conducted any discovery. The deadline for CUNY to respond to the Complaint is May 15, 2024. Thereafter, the Parties will exchange Rule 26(a) initial disclosures and serve written discovery requests.

Larimer will serve document requests on the College and likely will take 2 to 3 depositions, focusing on the Dean Mahon's June 2022 letter concerning the gender pay discrimination against Larimer and the College's response to that letter and basis for denying Larimer additional compensation paid to similarly-situated male employees.

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com

The Honorable Lorna Schofield
April 17, 2024
Page 4

    CUNY anticipates serving document requests and interrogatories on Plaintiff. CUNY also anticipates deposing Plaintiff. Any further depositions will be determined based upon review of other discovery in the case.

    The Parties are submitting the attached proposed Civil Case Management Plan and Scheduling Order for the Court's consideration.

**Settlement Discussions**

    On January 25, 2024, Larimer made a settlement demand. CUNY is in the process of reviewing the demand. Larimer is open to a referral to the Court's mediation program for employment law cases.

**Dispositive Motions**

    CUNY anticipates filing a motion for summary judgment to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56 after the close of discovery.

**Other Issues for the Court**

    At this time, the Parties do not have any other issues to bring to the Court's attention during the status conference.

    Respectfully submitted,

    CERASIA LAW LLC

    */Edward Cerasia II/*

    Edward Cerasia II


    /s/ Mark R. Ferguson
    Mark R. Ferguson
    Assistant Attorney General
    28 Liberty Street
    New York, New York 10005
    Mark.Ferguson@ag.ny.gov

165 Broadway, 23rd Floor   |   New York, New York 10006   |   646.525.4235
101 Eisenhower Pkwy, Suite 300   |   Roseland, New Jersey 07068   |   973.786.1368

www.cdemploymentlaw.com