So Ordered.

*Lorna G. Schofield*
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2024
    New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMY LARIMER, | |
| | Plaintiff, |
| – against – | |
| LEHMAN COLLEGE - CUNY, | |
| | Defendant. |

**STIPULATION OF
SETTLEMENT,
GENERAL RELEASE, AND
ORDER OF DISMISSAL**

23-CV-10447 (LGS)

STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") made by and between Plaintiff Amy Larimer ("Larimer") and Defendant City University of New York ("CUNY")[1] (together, "the Parties") as of June 28, 2024:

WHEREAS, Plaintiff commenced the above-captioned action by filing a Complaint on or about November 30, 2023 (ECF No. 1), and thereafter an Amended Complaint on or about March 28, 2024 (ECF No. 18), alleging claims against CUNY pursuant to the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), Title IX of the Civil Rights Act of 1964 ("Title IX"), 42 U.S.C. § 2000d, and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000-e et seq.; and

WHEREAS, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, CUNY expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all

---

[1]    Any reference to CUNY in this Settlement Agreement includes all agencies, schools, centers, departments, and subdivisions thereof, including, but not limited to, Lehman College ("Lehman").

1

other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1.    **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2.    **Payments to Plaintiff and Plaintiff's Attorneys.** For and in consideration of Plaintiff's execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs 8 and 10  herein, the State of New York, on behalf of CUNY, shall pay the total sum of ONE HUNDRED SEVENTEEN THOUSAND Dollars and ZERO Cents ($117,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, to Plaintiff and Plaintiff's attorney as follows:

a.    The State of New York, on behalf of CUNY, shall pay the gross sum of EIGHTY-THREE THOUSAND FIVE HUNDRED SEVENTY-THREE Dollars and TEN Cents

($83,573.10), for which the Office of the New York State Comptroller shall issue any and all appropriate United States Internal Revenue tax forms, in full and complete satisfaction of: (i) any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in this Action; and (ii) any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff's attorneys or Plaintiff for any and all counsel who have at any time represented or assisted Plaintiff in the Action, and/or in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions that were or could have been asserted in the Action. The foregoing payment shall be made by check payable to "Amy Larimer" and mailed to Edward Cerasia II at Cerasia Law, LLC, 101 Eisenhower Parkway, Suite 300, Roseland, NJ 07068.

      **b.**     CUNY shall pay the gross sum of THIRTY-THREE THOUSAND FOUR HUNDRED TWENTY-SIX Dollars and NINETY Cents ($33,426.90), for which an I.R.S. Form W-2 shall be issued to Plaintiff, in full and complete satisfaction of any and all claims, allegations, or causes of action for lost wages (including but not limited to, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health or savings plan benefits, or other compensation) incurred by Plaintiff that were or could have been the subject of any claim in this Action, less all applicable withholdings, payroll deductions, and taxes. The foregoing payment shall be made by check payable to "Amy Larimer" and mailed to Edward Cerasia II at Cerasia Law, LLC, 101 Eisenhower

Parkway, Suite 300, Roseland, NJ 07068.

**3.**    **Additional Terms.** In addition to the payment set forth in Paragraph 2, CUNY shall: (i) move Plaintiff to step 12 of the CUNY Professor Salary Schedule for Full-Time Faculty for the start of the 2024-2025 academic year; (ii) make all necessary employer contributions in accordance with the Optional Retirement Plan; and (iii) grant Plaintiff nine (9) hours of "reassigned" time from Plaintiff's teaching duties to be used during the 2024-2025 and/or 2025-2026 academic years.[2]

**4.**    **State Approval of Payments.** Payment of the amounts specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment, including, but not limited to, Plaintiff's Affirmation of Medicare Eligibility Status as set forth in Paragraph 8 of this Settlement Agreement.

**5.**    **Accrual of Interest.** In the event that payment of the amounts specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the New York State Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 4 and 8 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st)

---

[2]    "Reassigned" time allows faculty to dedicate a portion of their assigned teaching workload hours to administrative or research and scholarship activities. The particular activity must be approved by department chairpersons and the Provost.

day after receipt by the OAG of all documentation required under Paragraphs 4 and 8 of this Settlement Agreement.

6.     **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payments specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against CUNY or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless CUNY and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

7.     **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payments specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against CUNY or the State of New York (including, but not limited to, any and all present

and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless CUNY and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

8.    **Medicare Certification.** Plaintiff represents and warrants that she is not currently a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on her behalf by Medicare, and further that she does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully-executed Affirmation of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the OAG. Plaintiff acknowledges and understands that receipt of a fully-executed Medicare Affirmation by the OAG, together with any required supporting documentation, is a prerequisite to payment of the settlement amounts referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

9.    **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to defend, indemnify, and hold harmless CUNY and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries,

administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, CUNY and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amounts specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 4, 5, and 8, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

10.    **General Release.** For and in consideration of the payment of the settlement amounts referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges CUNY and the State of New York, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, grievances pursuant to any applicable collective bargaining agreement, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the

Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action, or arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties,  including any and all claims under 42 U.S.C. §§ 1981-1988; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; N.Y. Labor Law §§ 194, 740, and 741; N.Y. Civ. Serv. Law § 75-b; the United States Constitution; the New York State Constitution; or any other claims, causes of action, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. This General Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or a local commission on human rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

Plaintiff is not waiving or releasing any nonwaivable statutory protections, or waiving or releasing any claims that may arise after execution of this Settlement Agreement. Plaintiff is also not waiving or releasing any claims under New York Military Law; any claims under N.Y. Labor

Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this General Release prohibits Plaintiff from speaking with a law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney retained by an employee or potential employee, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

11.    **No Other Action or Proceeding.** Other than the Action, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on her own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for CUNY to enter into this Settlement Agreement.

12.    **Waiver of Attorneys' Liens.** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13.    **No Other Attorneys.** Plaintiff represents and warrants that, besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14.    **No Prevailing Party.** Neither Plaintiff nor CUNY shall be deemed a "prevailing party" for any purpose, including, but not limited to, any statutory or contractual claim based upon

"prevailing party" status with respect to the Action.

15. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of CUNY or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of CUNY or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

16. **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop CUNY or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all

available defenses.

17.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

18.    **Voluntary Agreement.** Plaintiff represents that they have carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that they have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that they understand its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

19.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

20.    **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

21.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may

not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

22.    **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 10 of this Settlement Agreement.

23.    **Severability.** With the exception of Paragraphs 1, 4, 8, 10, 11, and 14 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

24.    **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

25.    **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

26.    **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: Jun 28 , 2024

Amy Larimer

STATE OF NEW YORK, )
                        ) ss.:
COUNTY OF New York )

On the 28 day of June , 2024, before me personally came and appeared
Amy Larimer , personally known to me or proved to me on the basis of satisfactory
evidence to be the individual whose name is subscribed to the within instrument, and
acknowledged to me that they executed the same in their capacity, and that by their signature on
the instrument, the individual, or the person upon behalf of which the individual acted, executed
the instrument.

ROBERT E. DONOVAN
Notary Public - State of New York
No. 01DO6203516
Qualified in Nassau County
My Commission Exp. 04/06/2025

NOTARY PUBLIC

Dated: _____ , 2024
       Roseland, New Jersey

Cerasia Law LLC
*Attorneys for Plaintiff*
By:

_____
EDWARD CERASIA II
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068
Tel: (646) 525-4235
ed@cdemploymentlaw.com

Dated: _____ , 2024
       New York, New York

City University of New York
By:

_____
Derek Davis
General Counsel and Senior Vice Chancellor for
Legal Affairs

Dated: _____ , 2024
       New York, New York

Lehman College
By:

_____
Rene Rotolo
Vice President for Administration and
Finance/Chief Financial Officer

13

Dated: Jun 28 , 2024

Amy Larimer

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF New Y.           )

On the 28 day of Jun , 2024, before me personally came and appeared Amy Larimer , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

ROBERT E. DONOVAN
Notary Public - State of New York
No. 01DO6203516
Qualified in Nassau County
My Commission Exp. 04/00/2025

NOTARY PUBLIC

Dated: June 28 , 2024
Roseland, New Jersey

Cerasia Law LLC
*Attorneys for Plaintiff*
By: Edward Cerasia II

EDWARD CERASIA II
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068
Tel: (646) 525-4235
ed@cdemploymentlaw.com

Dated: _____ , 2024
New York, New York

City University of New York
By:

_____
Derek Davis
General Counsel and Senior Vice Chancellor for
Legal Affairs

Dated: _____ , 2024
New York, New York

Lehman College
By:

_____
Rene Rotolo
Vice President for Administration and
Finance/Chief Financial Officer

13

13

Dated: JUN 28, 2024

_____
Amy Larimer

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF New York )

On the 28th day of June, 2024, before me personally came and appeared Amy Larimer, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument

_____
NOTARY PUBLIC

ROBERT E. DONOVAN
Notary Public - State of New York
No. 01DO6203816
Qualified in Nassau County
My Commission Exp. 04/06/2025

Dated: _____, 2024
        Roseland, New Jersey

Cerasia Law LLC
*Attorneys for Plaintiff*
By:

_____
EDWARD CERASIA II
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068
Tel: (646) 525-4235
ed@cdemploymentlaw.com

Dated: July 3, 2024
        New York, New York

City University of New York
By:

_____
Derek Davis
General Counsel and Senior Vice Chancellor for
Legal Affairs

Dated: _____, 2024
        New York, New York

Lehman College
By:

_____
Rene Rotolo
Vice President for Administration and
Finance/Chief Financial Officer

13

Dated: Jun 28 , 2024

_____
Amy Larimer

STATE OF NEW YORK )
                          ) ss.:
COUNTY OF New Y )

On the 28 day of June , 2024, before me personally came and appeared Amy Larimer , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

ROBERT E. DONOVAN
Notary Public - State of New York
No. 01DO6203516
Qualified in Nassau County
My Commission Exp. 04/06/2025

_____
NOTARY PUBLIC

Dated: June 28 , 2024
Roseland, New Jersey

Cerasia Law LLC
Attorneys for Plaintiff
By: _____
EDWARD CERASIA II
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068
Tel: (646) 525-4235
ed@cdemploymentlaw.com

Dated: _____ , 2024
New York, New York

City University of New York
By:

_____
Derek Davis
General Counsel and Senior Vice Chancellor for
Legal Affairs

Dated: July 3 , 2024
New York, New York

Lehman College
By: _____
Rene Rotolo
Vice President for Administration and
Finance/Chief Financial Officer

13

13

Dated: July 3_____, 2024          LETITIA JAMES
       New York, New York                     Attorney General
                                              State of New York
                                              *Attorney for CUNY*
                                              By:
                                              _____
                                              MARK R. FERGUSON
                                              Assistant Attorney General
                                              28 Liberty Street
                                              New York, NY 10005
                                              Tel: (212) 416-8635
                                              Mark.Ferguson@ag.ny.gov


Dated: _____, 2024                 SO ORDERED:
       New York, New York

                                              _____
                                              Honorable Lorna G. Schofield
                                              United States District Judge